IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PETER C. ANDRESEN**, | * | Civil Nos. PJM 06-3043 |
| | * | PJM 06-3045 |
| Appellant, | * | PJM 06-3048 |
| | * | PJM 06-3050 |
| v. | * | |
| | * | |
| **GARY A. ROSEN**, *et. al.*, | * | |
| | * | |
| Appellee. | * | |

## MEMORANDUM OPINION

I.

On November 3, 2006, Appellant-Debtor Peter Andresen filed a timely Notice of Appeal from the following Orders entered by Bankruptcy Judge Catliota in Andresen's bankruptcy case as well as a related adversarial proceeding:

1. October 6, 2006, Order Granting Motion to Sell Property of Estates Free and Clear of Liens and Other Interests (824 Stockton Avenue, Cape May, New Jersey 08204) and Approving Broker's Commission (*Andresen v. Rosen*, No. 01-25370-TJC (D. Md. Oct. 6, 2006); and

2. October 27, 2006, Restraining Order temporarily enjoining Andresen from "filing or recording any suits, notices, deeds or any other documents, or taking any other actions, which, in any way, relate to or affect the property known as 824 Stockton Avenue, Cape May, NJ 08204 . . . ." *Rosen v. Andresen*, Adv. No. 06-1753 (D. Md. Oct. 27, 2006).

-1-

On November 13, 2006, Andresen amended his Notice of Appeal to add the following Orders entered by the Bankruptcy Court in the same cases.

3. November 1, 2006, Order Granting Motion for Temporary Restraining Order and Preliminary Injunction enjoining him from the same (*Rosen v. Andresen*, Adv. No. 06-1753 (D. Md. Nov. 1, 2006)); and

4. November 7, 2006, Order Overruling Debtor's Oral Objection to Claim of First Penn Bank (Claim 27 as Amended by Claim 28). *Andresen v. Rosen*, No. 01-25370-TJC (D. Md. Nov. 7, 2006).[1]

Under Bankruptcy Rule 8006, Andresen should have designated items to be included in the record on appeal of all four orders within ten days of the relevant Notice of Appeal (i.e., by November 13, 2006, for Orders #1 and #2 above and by November 23, 2006, for Orders #3 and #4 above). Andresen failed to do this for any of his appeals, and on November 21, 2006, the Court ordered him to show cause why his appeals should not be dismissed for failure to designate the record.

In a letter dated November 21, 2006, Andresen responded to the Show Cause Order, explaining that his failure to designate the record resulted primarily from physical infirmities. On December 6, 2006, filed a designation of the record along with a Motion to proceed *in forma pauperis*. In a *Praecipe* attached to his designation of the record, Andresen requested that the Clerk

---

[1] Andresen's Amended Notice of Appeal names a fifth Order denying his Motion to Proceed *in forma pauperis*. However, he does not offer the date of the Order and the Bankruptcy Clerk has informed the Court that, although a motion to proceed *in forma pauperis* is pending in Andresen's bankruptcy case, the Bankruptcy Court has not denied the motion.

refrain from forwarding the record until after the Court ruled upon his Motion to proceed *in forma pauperis*. He explained his request by indicating that he had designated certain transcripts to forward to the Court as part of the record that he would ask the Court Reporter to prepare only after a ruling on his Motion, impliedly because he anticipated a favorable ruling and sought to avoid bearing the cost for the transcript preparation as required by Bankruptcy Rule 8006.

At that time, the Court noted a striking similarity between Andresen's request and one that he had made to the Court in a previous appeal from decisions made by Bankruptcy Judge Alquist in this same bankruptcy case and in a different but related adversarial proceeding, *Andresen v. Rosen*, Adversary No. 03-3179-NVA. *See Andresen v. Rosen*, No. 05-3164-PJM (D. Md. Sept. 26, 2006). The Court had dismissed Andresen's previous appeal for failure to file a timely brief, a deficiency that Andresen had attempted to justify by arguing that the brief's tardiness was precipitated by a delay in the Court Reporter's preparation of transcripts -- despite the fact that Andresen himself had asked the Court Reporter to delay transcript preparation pending a ruling upon his Motion to Proceed *in forma pauperis*. The Court had found that Andresen, having been "dilatory to an excess" and having failed to request a reasonable extension of time to file his brief, had acted either in bad faith or, at least, with gross negligence.

Finding a suspicious resemblance between Andresen's actions in the present appeals and his disingenuous actions in the previous appeal, the Court directed Appellee-Trustee Rosen to inform it of his position as to the *bona fides* of Andresen's current request for *in forma pauperis* status; whether his current actions were taken for purposes other than delay, and whether the instant appeals should be subject to dismissal for his failure to timely designate the record. Rosen responded in a letter dated December 28, 2006:

> The Trustee believes that Mr. Andresen's current request for *in forma pauperis* status is his latest attempt at delay. Judge Alquist in her Memorandum of Decision dated

> September 18, 2005, . . . found that "the Debtor [Andresen] is not credible and is schooled in obfuscation and delay." Moreover, . . . [t]he Trustee believes that Mr. Andresen has the resources to pursue an appeal. Further, in the four years that the Trustee has overseen Mr. Andresen's Chapter 7 case, every adverse ruling of the Bankruptcy Court is first sought to be reconsidered, and then appealed. Mr. Andresen seeks leverage and delay in the case, which is perplexing because given the amount of assets versus the claims in the case, Mr. Andresen will never see any surplus for himself. For those reasons and because the appeal is without merit, the appeal should be dismissed for Debtor's failure to timely designate the record.

The Court is persuaded by Rosen's assessment of Andresen's present motivations and his conclusion that these appeals should be dismissed.

II.

While the Court recognizes that dismissal for failure to timely designate the record is a "harsh sanction" that should not be "imposed lightly," *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992), the Court finds it appropriate in this case. *In re Serra Builders, Inc.* sets out the relevant considerations:

> [Before dismissing a bankruptcy appeal for failure to timely designate the record] the district court must take at least one of the following steps: (1) make a finding of bad faith or negligence; (2) give the appellant notice and an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*Id*. All of these considerations point toward dismissal of these appeals. The Court has given Andresen an opportunity to explain his delay and has found his explanation wanting. His tortured attempts to stave off unfavorable rulings by the Bankruptcy Court have followed a pattern better explained by his bad faith dealings in this case than by his purported failing health. The Trustee meanwhile has been prejudiced in the disposition of estate assets, and no alternative sanction can fairly address Andresen's omissions. Dismissal of his appeals is the most appropriate sanction.

-4-

-5-

III.

Accordingly, the Court *sua sponte* DISMISSES Andresen's appeal.

A separate Order will Issue.

                                                            /s/
                                       PETER J. MESSITTE

January 19, 2007                      UNITED STATES DISTRICT JUDGE

Case 01-25370   Doc 387   Filed 01/19/07   Page 5 of 5